JUDGE KOEHL                    14 CV          3776

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,                                        :

                                                      :

                          Plaintiffs,                 :

                                                      :

              - against -                             :

UNITED STATES DEPARTMENT OF                           :
JUSTICE,
                                                      :

                          Defendant.                  :

——————————————————————————— X

RECEIVED

MAY 28 2014

U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their

undersigned attorneys, allege for their Complaint:

      1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), seeking the production of agency records from the Office of the Inspector General

("OIG") of Defendant United States Department of Justice ("DOJ") in response to requests

properly made by Plaintiffs The New York Times Company and Charlie Savage (collectively

"The Times").

### PARTIES

      2.    Plaintiff The New York Times Company publishes The New York Times

newspaper.  The New York Times Company is headquartered in this judicial district at 620

Eighth Avenue, New York, New York.

      3.    Plaintiff Charlie Savage is a reporter for The New York Times.

57721                                      1

4.     Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek.  OIG is a department within DOJ.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.     Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.     Plaintiffs have exhausted all administrative remedies available in regards to the requests at issue.  DOJ has failed to determine the administrative appeals for the requests within the time frame set by FOIA.  Accordingly, Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.     OIG is authorized to review the practices, policies, and conduct of DOJ and its constituent units such as the Federal Bureau of Investigation ("FBI").

9.     Beginning in 2008, OIG worked in conjunction with the Inspectors General of other agencies to do a review of the President's Surveillance Program ("PSP").  The review was mandated by Title III of the Foreign Intelligence Surveillance Act ("FISA") of 1978 Amendments Act, signed into law July 10, 2008.

10.     The agencies participating in that review, in addition to DOJ, were the Department of Defense, the Central Intelligence Agency, the National Security Agency, and the Office of the Director of National Intelligence.

11.     In July 2009, the Inspectors General issued a joint report on their review (the "Joint IG Report"), which was submitted to certain congressional committees.

12.     The Inspectors General produced both a classified and unclassified version of the Joint IG Report.

13.     OIG has also reviewed the FBI's use of National Security Letters ("NSLs"), orders issues pursuant to Section 215 of the PATRIOT Act, and the FBI's request for phone records for telecommunications companies.

14.     At the conclusion of each review, OIG issued a report (collectively, the "OIG Surveillance Reports").

15.     Each such report had both unclassified and classified components.

16.     In 2013, Edward Snowden provided classified documents to journalists, and some of these documents were then made public.  The disclosures included a draft of the National Security Agency's contribution to the classified version of the Joint IG Report along with other documents pertaining to surveillance programs.

17.     Following the Snowden disclosures, many aspects of the government's surveillance and data collection activities have been formally declassified.

18.     Upon information and belief, many of the underlying facts in OIG Surveillance Reports and the Joint IG Report that were previously classified are no longer classified, and there is no basis for continuing to withhold sections of the reports addressing those facts.

19.     On January 31, 2014, The Times submitted a request to DOJ for the full, currently classified Joint IG Report (the "Joint IG Report Request").

20.     On February 10, 2014, DOJ denied the Joint IG Report Request on the grounds that the classified Joint IG Report was properly withheld under federal law.

21.     On February 24, 2014, The Times appealed the denial of the Joint IG Report Request administratively.

22.     DOJ subsequently acknowledged receipt of the administrative appeal.

23.     Under FOIA, an administrative appeal must be decided within twenty (20) business days pursuant 5 U.S.C. § 552(a)(6)(A)(ii).

24.     DOJ has not decided the appeal pertaining to the Joint IG Report Request.

25.     On February 18, 2014, The Times submitted a request to DOJ for complete copies of all OIG Surveillance Reports since September 11, 2001 (the "OIG Surveillance Request").

26.     Specifically, the OIG Surveillance Request sought "all DOJ IG reports issued since Sept. 11, 2001, pertaining to surveillance and data collection" and listed some of the partially declassified reports for which Plaintiffs are seeking release of the full texts:

a.  The report on FISA Amendments Act 702, announced on Sept. 25, 2012 (http://www.justice.gov/oig/press/2012/2012_09_25.pdf)

b.  The January 2010 report on the FBI's use of exigent letters and other informal requests for phone records (http://www.justice.gov/oig/special/s1001r.pdf)

c.  The March 2008 report on the FBI's use of Section 215 Orders for Business Records in 2006 (http://www.justice.gov/oig/special/s0803a/final.pdf)

d.  The March 2008 report on the FBI's use of NSLs (corrective actions) (http://www.justice.gov/oig/special/s0803b/final.pdf)

e.  The March 2007 report on the FBI's use of Section 215 Orders for Business Records (http://www.justice.gov/oig/special/s073a/final.pdf)

f. The March 2007 report on the FBI's use of NSLs (http://www.justice.gov/oig/special/s0703b/final.pdf)

27. On February 21, 2014, DOJ denied the request, stating that the OIG Surveillance Reports were properly classified and therefore exempt from disclosure under FOIA.

28. On February 24, 2014, The Times appealed the denial of the OIG Surveillance Request administratively.

29. Under FOIA, an administrative appeal must be decided within twenty (20) business days pursuant 5 U.S.C. § 552(a)(6)(A)(ii).

30. DOJ has not decided the appeal pertaining to the OIG Surveillance Request.

## COUNT I

31. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

32. DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

33. Under 5 U.S.C. § 552(a)(6)(A)(ii), DOJ was required to determine the administration appeal arising from the Joint IG Report Request within twenty (20) business days.

34. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

35.     Accordingly, The Times is deemed to have exhausted its administrative remedies as to the Joint IG Report Request.

36.     DOJ has asserted no lawful basis under FOIA for withholding the material asked for by the Joint IG Report Request.

37.     DOJ's failure to provide the material violates FOIA.

38.     Accordingly, The Times is entitled to an order compelling the DOJ to produce the material sought by the Joint IG Report Request.

## COUNT II

39.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

40.     DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

41.     Under 5 U.S.C. § 552(a)(6)(A)(ii), DOJ was required to determine the administration appeal arising from the OIG Surveillance Request within twenty (20) business days.

42.     Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

43.     Accordingly, The Times is deemed to have exhausted its administrative remedies as to the OIG Surveillance Request.

44.     DOJ has asserted no lawful basis under FOIA for withholding documents asked for by the OIG Surveillance Request.

57721                                    6

45.    The failure of DOJ to provide responsive documents violates FOIA.

46.    Accordingly, The Times is entitled to an order compelling DOJ to undertake an adequate search of its records and produce the documents sought by the OIG Surveillance Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    Declare that the documents sought by the Joint IG Report Request and OIG Surveillance Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b.    Order the DOJ to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c.    Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

      d.      Grant Plaintiffs such other and further relief as this Court deems just and

proper.

Dated: New York, New York
        May 27, 2014

                    David E. McCraw, Esq.
                    D. Victoria Baranetsky, Esq.
                    Legal Department
                    The New York Times Company
                    620 8th Avenue, 18th Floor
                    New York, NY 10018
                    phone: (212) 556-4031
                    fax: (212) 556-1009
                    e-mail: mccraw@nytimes.com
                    *Counsel for Plaintiffs*

57721
**8**